ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Defendant
AmGUARD Insurance Company

BY:   KERRI E. CHEWNING, ESQUIRE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK DANIEL HOSPITALITY LLC (D/B/A INC),<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.: _____<br><br><br><br><br>ELECTRONICALLY FILED |

**NOTICE OF REMOVAL**

Defendant, AmGUARD Insurance Company ("AmGUARD") hereby removes this action from the Superior Court of New Jersey, Mercer County, Law Division, Docket No. L-893-20, to the United States District Court for the District of New Jersey on the following grounds:

1.  Plaintiff, Mark Daniel Hospitality LLC (d/b/a INC) ("Plaintiff"), instituted litigation against AmGUARD on or about May 8, 2020, through the filing of a Complaint in the Superior Court of New Jersey, Mercer County, Law Division (the "Complaint").

2.  As required by 28 U.S.C. §1446(a), true and correct copies of the pleadings filed before the New Jersey Superior Court are attached as Exhibit A to this Notice of Removal.

3.  Defendant was served with the Summons and Complaint on or after May 11, 2020, thus removal is timely.

4. The Complaint seeks Declaratory Judgment for insurance coverage arising from the property insurance policy Plaintiff purchased from AmGUARD.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) in that there is complete diversity between the parties and the amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Plaintiff is a New Jersey limited liability company with its principal place of business located at 302 George Street, New Brunswick, New Jersey 08901.

7. According to the Division of Revenue and Enterprise Services, the members of Mark Daniel Hospitality are:

    a. Mark Farro, an individual with a listed address in New Jersey, and therefore a citizen of New Jersey.

    b. Carmen Farro, an individual with a listed address in New Jersey, and therefore a citizen of New Jersey.

8. As both of Plaintiff's identified members are individuals and citizens of New Jersey, Plaintiff is a citizen of the State of New Jersey.

9. AmGUARD is a Pennsylvania corporation with its principal place of business at 39 Public Square, Wilkes Barre, Pennsylvania 18703.

10. The amount in controversy in this action exceeds $75,000 because Plaintiff seeks a declaration that it is entitled to coverage for any loss and damage resulting from the closure of its restaurant, which, upon information and belief, would exceed $75,000.

WHEREFORE, Defendant hereby removes the above-captioned action from the Superior Court of New Jersey, Mercer County, Law Division, to this Court, and requests that all further proceedings be conducted in this Court, as required by law.

                                    ARCHER & GREINER
                                    A Professional Corporation
                                    Attorneys for Defendant,
                                    AmGUARD Insurance Company

                                  By:   *Kerri E. Chewning*
                                         KERRI E. CHEWNING, ESQUIRE

Dated:  June 2, 2020.
218627710v2

# EXHIBIT A

**FERRARA LAW GROUP, P.C.**
Ralph P. Ferrara, Esquire (ID #024521985)
Kevin J. Kotch (ID #050341993)
50 W. State Street, Suite 1100
Trenton, New Jersey 08608
P: (609) 571-3738
F: (609) 498-7440
*Attorneys for Plaintiff*

| | |
|---|---|
| **MARK DANIEL HOSPITALITY LLC (d/b/a INC)**<br><br>*Plaintiff,*<br><br>v.<br><br>**AMGUARD INSURANCE COMPANY**<br><br>*Defendant.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br>MERCER COUNTY<br><br>DOCKET NO. L-_____-_____<br><br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

## COMPLAINT

Plaintiff Mark Daniel Hospitality LLC (d/b/a INC) by and through its attorneys and by way of Complaint against Defendant AmGUARD Insurance Company ("Defendant" or "AmGUARD") alleges and states the following:

### I.   PARTIES

1. Plaintiff Mark Daniel Hospitality LLC (d/b/a INC) ("Plaintiff") is a New Jersey limited liability company with its principal place of business located at 302 George Street, New Brunswick, New Jersey 08901.

2. Upon information and belief, Defendant AmGUARD Insurance Company ("Defendant" or "AmGUARD") is a Pennsylvania corporation with its principal place of business at 39 Public Square, Wilkes Barre, Pennsylvania 18703.

1

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to N.J.S.A. 2A:16-50 to N.J.S.A. 2A:16-62 to issue declaratory relief regarding the insurance coverage provided by AmGUARD.

4. This Court has personal jurisdiction over AmGUARD as it is licensed to issue insurance policies in the State of New Jersey, regularly does business within the State of New Jersey and issued insurance to Plaintiff in New Jersey.

5. Venue in this Court is proper pursuant to New Jersey Court Rules 4:3-2(a) and 4:3-2(b), because AmGUARD does business by issuing insurance policies throughout the State of New Jersey, including in Mercer County, and may be served in Mercer County by service upon the Commissioner of Banking and Insurance.

## III.   FACTS

**A.   The Insurance Coverage.**

6. AmGUARD did issue to Plaintiff a policy of insurance, Policy No. MABP070478 (the "Policy"), for the policy period November 24, 2019 to November 24, 2020.

7. Plaintiff has paid all premiums due under the Policy, and the Policy is in full force.

8. The Policy is comprehensive and includes coverage for commercial property, including but not limited to, loss of use of Plaintiff's building, personal property, and personal property of others under certain circumstances.

9. The Policy provides coverage to Plaintiff for, among other things, business income, extra expense and civil authority relating to any covered loss under the Policy.

10. The Policy is an "all risk policy", which covers all risks unless clearly and specifically excluded.

**B.**     **The Government Closure Of Non-Essential Businesses In New Jersey.**

11.     On March 9, 2020, in response to the 2019 novel coronavirus disease (COVID-19), New Jersey Governor Philip Murphy issued Executive Order 103 declaring a Public Health Emergency and State of Emergency in New Jersey.

12.     On March 16, 2020, Governor Murphy issued Executive Order 104 which, among other things, limited the scope and hours of operation for restaurants.

13.     On March 21, 2020, Governor Murphy issued Executive Order 107 which, among other things, ordered New Jersey residents to remain at home except to obtain takeout food or beverages from restaurants, other dining establishments or food courts.  Executive Order 107 also limited restaurants, cafeterias, dining establishments and food courts to offer only food delivery and/or take-out service.  Dining on the premises was not permitted.

14.     On April 7, 2020, Governor Murphy issued Executive Order 119 which extended the Public Health Emergency and State of Emergency in New Jersey.

15.     On April 11, 2020, Governor Murphy issued Executive Order 125 which placed further restrictions on restaurants, cafeterias, dining establishments and food courts, including limiting occupancy to 10% of stated maximum capacity, ensuring six feet of distance between workers and customers, except at the moment of payment and/or exchange of goods, and arranging for contactless pay and pickup/delivery options whenever feasible.

16.     On May 6, 2020, Governor Murphy issued Executive Order 138 which further extended the Public Health Emergency and State of Emergency in New Jersey.

17.     The Executive Orders of Governor Murphy are collectively referred to as the "Orders."

C. **The Impact On Plaintiff's Business.**

18. Plaintiff operates the INC American Bar & Kitchen in New Brunswick, New Jersey. INC is an upscale sit down restaurant and whiskey bar offering a full menu from appetizers through entrees and desserts. INC is short for Ingredients-n-Craft.

19. INC was doing substantial business at the time it was forced to close its business to the public. As a result of the Orders, Plaintiff cannot use the restaurant space and was forced to close. Plaintiff has suffered a substantial loss of business and income as a result of the Orders. Plaintiff has also been forced to lay off staff.

20. These limitations and closures of Plaintiff's business are the result of the Orders. To Plaintiff's knowledge, at no time has any employee or patron of Plaintiff been diagnosed with COVID-19.

21. The Orders are physically impacting Plaintiff. Any effort by AmGUARD to deny the physical loss and damage would constitute a false and potentially fraudulent misrepresentation that could endanger Plaintiff and the public.

## COUNT I – DECLARATORY JUDGMENT

22. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

23. Plaintiff requests that this Court determine its rights under the insurance policy issued by AmGUARD.

24. A declaratory judgment determining Plaintiff's right to coverage under the Policy will ensure that Plaintiff receive the coverage it paid for at the time it is needed. Plaintiff is suffering significant business losses and extra expenses as a result of the Orders, and coverage is vital to Plaintiff's ability to continue as a business.

25. Insurers throughout the country have been routinely denying coverage for business interruption losses associated with business closures resulting from "Stay at Home" orders or other orders that restrict the ability of non-essential businesses to conduct business. As a result, Plaintiff seeks a declaration of its rights and AmGUARD's obligations under the Policy.

26. Plaintiff seeks a declaration that AmGUARD is obligated to provide business interruption and extra expense coverage under the Policy, including coverage under the Civil Authority provision.

27. In this respect, Plaintiff seeks declarations that:

   a. The Orders trigger coverage under the Policy;

   b. AmGUARD is obligated to provide business interruption coverage to Plaintiff;

   c. AmGUARD is obligated to provide extra expense coverage to Plaintiff;

   d. AmGUARD is obligated to provide coverage to Plaintiff under the Civil Authority provisions of the Policy;

   e. Plaintiff has a reasonable expectation of coverage for these losses under the Policy;

   f. The virus exclusion in the Policy does not apply to the losses asserted by Plaintiff; and

   g. Application of the virus exclusion in the Policy to Plaintiff's losses is void as against public policy.

28. Plaintiff is not seeking a determination of whether the Coronavirus was present in its business, the amount of Plaintiff's damages or any remedy other than the requested declaratory relief.

WHEREFORE, Plaintiff moves this Court to enter a declaratory judgment that AmGUARD is obligated to provide coverage to Plaintiff for business interruption and extra expense losses from the closure of its business as a result of the Orders, and that:

    a.    The Orders trigger coverage under the Policy;

    b.    AmGUARD is obligated to provide business interruption coverage to Plaintiff;

    c.    AmGUARD is obligated to provide extra expense coverage to Plaintiff;

    d.    AmGUARD is obligated to provide coverage to Plaintiff under the Civil Authority provisions of the Policy;

    e.    Plaintiff has a reasonable expectation of coverage for these losses under the Policy;

    f.    The virus exclusion in the Policy does not apply to the losses asserted by Plaintiff; and

    g.    Application of the virus exclusion in the Policy to Plaintiff's losses is void as against public policy.

                Respectfully submitted,

                **FERRARA LAW GROUP, P.C.**

DATE: May 8, 2020                BY: /s/ Ralph P. Ferrara
                                          RALPH P. FERRARA, ESQUIRE
                                          Attorney for Plaintiff Mark Daniel Hospitality LLC (d/b/a INC)

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to R. 4:25-4, Ralph P. Ferrara, Esquire is hereby designated as trial counsel.

**FERRARA LAW GROUP, P.C.**

DATE: May 8, 2020			BY: /s/ Ralph P. Ferrara
					RALPH P. FERRARA, ESQUIRE
					Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Please take notice that Plaintiff demands a trial by jury.

**FERRARA LAW GROUP, P.C.**

DATE: May 8, 2020			BY: /s/ Ralph P. Ferrara
					RALPH P. FERRARA, ESQUIRE
					Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that the matter in controversy is not the subject of any other pending action in any court or of a pending arbitration proceeding. No such other action or arbitration proceeding is contemplated. The undersigned is presently unaware of any other party who should be joined in the action. The undersigned recognizes a continuing obligation during the course of the litigation to file and serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

**FERRARA LAW GROUP, P.C.**

DATE: May 8, 2020			BY: /s/ Ralph P. Ferrara
					RALPH P. FERRARA, ESQUIRE
					Attorneys for Plaintiff

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-000893-20**

**Case Caption:** MARK DANIEL HOSPITAL ITY LLC  VS AMGUARD INSURANC
**Case Initiation Date:** 05/08/2020
**Attorney Name:** RALPH PETER FERRARA
**Firm Name:** FERRARA LAW GROUP, PC
**Address:** 50 W STATE ST STE 1100
TRENTON NJ 08608
**Phone:** 6095713738
**Name of Party:** PLAINTIFF : Mark Daniel Hospitality LLC
**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Are sexual abuse claims alleged?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/08/2020
Dated

/s/ RALPH PETER FERRARA
Signed