**FERRARA LAW GROUP, P.C.**
Ralph P. Ferrara, Esquire (ID #024521985)
Kevin J. Kotch (ID #050341993)
50 W. State Street, Suite 1100
Trenton, New Jersey 08608
P: (609) 571-3738
F: (609) 498-7440
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARK DANIEL HOSPITALITY LLC (d/b/a INC)**<br><br>*Plaintiff,*<br><br>v.<br><br>**AMGUARD INSURANCE COMPANY**<br><br>*Defendant.* | NO. 3:20-cv-06772-FLW-TJB |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND THIS MATTER TO NEW JERSEY STATE COURT**

Plaintiff Mark Daniel Hospitality LLC (d/b/a INC) ("Plaintiff or "MDH") submits this memorandum in support of its Motion to Remand this case to New Jersey state court. This Court should remand the matter as Defendant Amguard Insurance Company ("Defendant" or "Amguard") has failed to establish that the amount in controversy is $75,000, a requirement for diversity jurisdiction. In the alternative, this Court should exercise its discretion to not hear this declaratory judgment action involving solely undecided state law insurance issues.

## STATEMENT OF FACTS

Plaintiff filed this declaratory judgment action in the New Jersey Superior Court – Law Division in Mercer County, New Jersey. Declaration of Ralph P. Ferrara, Esquire ("Ferrara Decl."), ¶ 2 & Exh. A. In this action, Plaintiff seeks a declaratory judgment that, among other things, Amguard has an obligation to provide business interruption coverage, including coverage for business income, extra expense and loss resulting from actions of civil authority. See Complaint (Ferrera Decl., Exh. A). Plaintiff runs a restaurant which has been shut down as result of the coronavirus health emergency and orders of the Governor of New Jersey. Complaint ¶¶ 18-19 (Ferrara Decl., Exh. A). This action is one of many actions that have been filed in Mercer County, New Jersey to resolve business interruption claims resulting from coronavirus and the Governor's Orders; these cases have been assigned initially to one judge, the Honorable Douglas H. Hurd, Presiding Civil Judge. Ferrara Decl., ¶ 4. In one of these actions, Amguard is a defendant and has not sought to remove the case to federal court. Ferrara Decl. ¶¶ 4-6.

On June 2, 2020, Defendant filed a notice of removal. Defendant based the removal on diversity jurisdiction. Defendant alleged that "[t]his Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that there is complete diversity between the parties and the amount in controversy in this matter

exceeds the sum or value of $75,000, exclusive of interest and costs." Notice of Removal ¶ 5 (Ferrara Decl., Exh. B). As to the amount in controversy, Defendant offers only the conclusion that "[t]he amount in controversy in this action exceeds $75,000 because Plaintiff seeks a declaration that it is entitled to coverage for any loss and damage resulting from the closure of its restaurant, which, upon information and belief, would exceed $75,000." Notice of Removal ¶ 10 (Ferrara Decl., Exh. B).

## ARGUMENT

**I.　This Court Should Remand This Case As Defendant Has Failed To Establish That The Amount In Controversy Is More Than $75,000, A Prerequisite For Diversity Jurisdiction.**

This Court should remand this action to state court as Amguard has failed to establish that there is more than $75,000 in controversy, as is its burden on removal. Amguard offers only its conclusory statement that, upon information or belief, the amount is more than $75,000. This does not satisfy Amguard's burden.

On a motion to remand, it is the removing party's burden to establish the existence of federal jurisdiction, and all doubts must be resolved in favor of remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). A conclusory statement that the matter involves more than $75,000 does not satisfy this burden. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001) (conclusory allegations that the jurisdictional amount is satisfied are not

3

sufficient to satisfy the party's burden); Taylor v. Lexington Ins. Co., Civ. A. No. 06-1586, 2006 WL 8456328 (E.D. La. June 27, 2006) (conclusory statement that amount in controversy is more than $75,000 is insufficient).

This Court should remand this action as Amguard has failed to meet its burden of establishing that more than $75,000 is in controversy.

**II.   In The Alternative, This Court Should Abstain From Hearing This Matter Involving Solely A Declaration Of Plaintiff's Rights Under New Jersey State Insurance Law.**

Plaintiff also moves to remand this case to state court based on the discretionary nature of the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-2202.  This Court should exercise its discretion to decline to hear this declaratory jurisdiction action which is focused on unsettled and novel issues of state insurance law.  This action is similar to numerous other actions currently pending before one judge in Mercer County, New Jersey, the court from which this matter was removed.  This includes a similar action against Amguard, which it has not sought to remove.

Under the DJA, courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  Under the DJA, district courts have "discretionary rather than compulsory, jurisdiction…." Reifer v. Westport Ins. Corp., 751 F.3d 129, 134 (3d Cir. 2014) (citing Brillhart v. Excess Ins. Co. of Am.,

4

316 U.S. 491, 494 (1942)). Thus, the district court may "in the sound exercise of its discretion, … stay or dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). District courts have the discretion to decide whether to entertain an action under the DJA, even where the suit otherwise satisfies subject matter jurisdiction prerequisites. Id. at 282. These principles apply where an action was removed to federal court where the party was seeking a declaratory judgment under the state's declaratory judgment act. Reifer, 751 F.3d at 134 n.4.

The Third Circuit Court of Appeals has set forth a "non-exhaustive" list of factors to consider when declining jurisdiction. Reifer, 751 F.3d at 144, 147. The first factor is whether there exists a parallel state court proceeding, meaning "a matter pending in state court in which all the matters in controversy between the parties could be fully adjudicated." Id. at 139. A finding that a parallel proceeding exists in state court "militates significantly in favor of declining jurisdiction." Reifer, 751 F.3d at 144-145. The lack of a parallel state court proceeding does not necessarily require the court to exercise jurisdiction. See id. at 143 ("We have not yet addressed the related question of whether the mere non-existence of pending parallel state court proceedings requires the district court to exercise its jurisdiction and hear the case under the DJA."). Here, there is no parallel state court proceeding as the state court case was removed to federal court. That said, there

5

are numerous insurance coverage cases pending in state court in Mercer County, New Jersey involving business interruption coverage for business losses resulting from the pandemic and the Governor's orders. These cases are currently assigned to one judge. Ferrara Decl. ¶ 4.

After determining whether a parallel state court proceeding exists, the court must next consider the following non-exhaustive factors:

> 1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> 2) the convenience of the parties;
>
> 3) the public interest in settlement of the uncertainty of obligation;
>
> 4) the availability and convenience of other remedies;
>
> 5) a general policy of restraint when the same issues are pending in state court;
>
> 6) avoidance of duplicative litigation;
>
> 7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race of res judicata; and
>
> 8) in the insurance context, an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

Reifer v. Westport Ins. Co., 751 F.3d 129, 146 (3d Cir. 2014). Courts are to give weight to these factors "to the extent they are relevant." Id. The Third Circuit also

noted that "there will be situations in which district courts must consult and address other relevant case law or considerations." Id.

The Third Circuit has focused on whether a declaratory action involves "unsettled questions of state law." State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2000). In Summy, the Third Circuit noted that district courts should be "particularly reluctant" to exercise jurisdiction under the DJA when the applicable state law is "uncertain and undetermined." In Reifer, the Third Circuit affirmed the district court's decision to not exercise jurisdiction in a case involving state insurance law:

> We conclude that declining jurisdiction was proper because the lack of pending parallel state proceedings was outweighed by another relevant considerations, namely, the nature of the state law issue raised by Reifer. Where state law is uncertain or undetermined, the proper relationship between federal and state courts requires district courts to "step back" and be "particularly reluctant" to exercise DJA jurisdiction. The fact that district courts are limited to predicting – rather than establishing – state law requires "serious consideration" and is "especially important in insurance coverage cases."

Reifer, 751 F.3d at 148 (citations omitted); see Lambert v. State Farm Mut. Auto. Ins. Co., 417 F. Supp. 3d 629 (E.D. Pa. 2019) (declining to exercise subject matter jurisdiction over declaratory judgment action involving unsettled and novel state law insurance coverage issues even though there was no parallel state proceeding).

This matter presents a substantial, unprecedented matter of concern for the State of New Jersey, its businesses and the insurance industry serving New Jersey.

The coronavirus and the Governor's orders have shut down many businesses throughout the state. Many of these businesses purchased business interruption insurance and paid premiums to only be told now that the insurers will not honor this coverage for a number of reasons. This case presents substantial novel and unsettled questions of state insurance law. There is no state law authority interpreting how the provisions of the business interruption insurance apply in the context of the coronavirus (or any virus) and the Governor's orders. The case will also require the Court to interpret and determine the impact of the New Jersey State Governor's orders, another important issue of New Jersey state law. The state court is the best place for these questions to be determined. Indeed, there are a number of similar cases currently pending before a single judge in the New Jersey Superior Court, Law Division, Mercer County, where this case was pending. This includes another action against Amguard involving the same issues. Amguard has elected not to remove that action. Ferrara Decl. ¶¶ 4-6 & Exhs. C & D. Remanding the case would serve the further goal of lessening the possibility of inconsistent and conflicting decisions on similar issues of state insurance law, and in this case, involving the same insurer.[1]

---

[1] A number of the factors do not cut either way. For example, with respect to the convenience of the parties, both courts are located in Trenton, New Jersey.

Given the overwhelming prominence of important unsettled and novel issues of New Jersey state insurance law, this Court should decline to exercise jurisdiction under the DJA and should remand this matter to state court.

## CONCLUSION

This Court should remand the matter as Amguard has failed to establish that the amount in controversy is $75,000, a requirement for diversity jurisdiction. In the alternative, this Court should exercise its discretion to not hear this declaratory judgment action involving solely undecided state law insurance issues.

Respectfully submitted,

**FERRARA LAW GROUP, P.C.**

DATE: June 26, 2020            BY: /s/ Ralph P. Ferrara
                                   RALPH P. FERRARA, ESQUIRE
                                   Attorney for Plaintiff Mark Daniel
                                   Hospitality LLC (d/b/a INC)